IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rose Carbone,            ) | |
|     Plaintiff,            ) | |
| v.            ) | Case No. 15 CV 4286 |
|                 ) |     The Honorable: |
|                 ) |     Magistrate Judge: |
| American Airlines.            ) | **Jury Trial Demanded** |
|     Defendant.            ) | |

## COMPLAINT

NOW COMES the Plaintiff, Rose Carbone, ("Plaintiff") by and through her undersigned counsel of record, and complains against American Airlines (Hereinafter referred to as "American"), as follows:

## INTRODUCTION

1. This case is filed based on Defendants' violations consideration, pursuant and pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") , and the Illinois Minimum Wage Law (hereinafter "IMWL").

2. Plaintiff was an employee of Defendant for many many years.

3. Throughout the Plaintiff's employment, the Plaintiff performed numerous work tasks for the benefit of the employer and the employer failed to compensate the Plaintiff for her labors.

4. Plaintiffs request compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendant obtained from their unlawful business practices, and attorneys' fees and costs.

## PARTIES

      **a.**    **Plaintiff**

5.    Plaintiff, Rose Carbone, is an individual resident of Illinois.

      **b.**    **Defendant**

6.    Defendant, American Airlines, is a corporation doing business in the State of Illinois. As used in this Complaint, "Defendant" and/or "American" means Defendant, all subsidiaries, agents, successors, parent corporations.

7.    American employed the Plaintiff receiving his services, and benefiting from his labors and supervising his employment.

8.    At all times relevant hereto, Corporate Defendant was an employer engaged in an industry affecting commerce.

## JURISDICTION

9.    Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act (FLSA).

## STATEMENT OF FACTS REGARDING OWED OVERTIME WAGES BASED ON FLSA VIOLATIONS

10.    Plaintiff was employed by Defendant for many years.

11.    Plaintiff was employed most recently at the "Facilities Maintenance" department as an "Staff Assistant". Plaintiff's job involved overseeing the airlines passenger baggage management at Chicago's O'Hare Airport.

## STATEMENT OF FACTS REGARDING: OWED WAGES FOR OFF-THE-CLOCK WORK

### Unpaid Work

12.     Plaintiff was asked and/or required by the employer to work a 8.5 hour schedule and Defendant automatically took from the Plaintiff a half/hour each day for "lunch, but Plaintiff rarely received a full 30 minutes lunch period, thus Plaintiff worked .5 hours of overtime nearly every single day, but was not paid for that "working lunch", except on rare occasions when Plaintiff demanded payment for those work hours.

13.     Often Plaintiff was required to eat while working, thus Plaintiff did not have a "bona fide" break lasting at least 30 minutes during which the employees are "completely relieved of duty".

14.     While the FLSA does not require employers to give meal or rest breaks to employees, it does require that when employers allow employees to take breaks they must be paid unless they are "bona fide" breaks lasting at least 30 minutes during which the employees are "completely relieved of duty"

15.     Here Plaintiff Carbone was not "completely relieved of duty" during the time Defendant automatically deducted from her work hours for her 'lunch'.

16.     Further Plaintiff was employed by Defendant full time, working 40 hours nearly every single week, thus the Plaintiff's off-the-clock work should have been paid to her at an overtime rate of pay.

17.     Plaintiff was not paid those wages at all, thus is owed wages for that work, at an overtime rate of pay.

18.     Therefore the above shorted hours should have been paid at an over time rate of one and a half her regular rate of pay in accordance with the FLSA and Illinois Wage Laws.

19.     However, Plaintiff was not paid either straight time nor overtime for these shorted hours.

20. On each of these occasions the Plaintiff was not paid overtime pay and straight hours pay rate as required under the FLSA and Minimum Wage Law.

21. Plaintiff now brings a claim for these owed wages

22. Defendant intentionally/willfully failed and/or refused to pay Plaintiffs all compensation to due to Plaintiff.

23. Defendant's unlawful conduct has been uniform, widespread, repeated and consistent.

## FACTS LEADING TO THIS FILED LAWSUIT

24. Plaintiff retained counsel in October of 2014.

25. Counsel for Plaintiff presented a request for a Tolling Agreement was made to Defendant.

26. Defendant failed to agree to discuss the Tolling Agreement, and refused to even consider the tolling agreement, despite one extension granted by Plaintiff counsel, and a heated telephonic discussion with an attorney for Defendant who refused to even consider the Agreement or provide any date by which such discussion could take place.

27. Based upon the potential loss of claims and the refusal to communicate or even engage in a discussion, Plaintiff was forced by these inactions to file these claims.

## **DEFENDANTS' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

28. Defendant required and/or permitted Plaintiff to work more than 40 hours in a week. Defendant did not pay Plaintiff for all of these overtime hours, which should have been paid at the rate of one-and-a-half times the regular rate of pay.\

29. Defendant's unlawful conduct has been uniform, widespread, repeated and consistent.

30. Defendant's management was aware that Plaintiff worked and was not paid all owed wages including overtime wages.

31. Defendant has willfully operated a scheme to deprive this employee of premium overtime by deliberately not paying him.

32. Defendant's conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

33. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

34. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

### FIRST CLAIM FOR RELIEF
**Claims for Overtime Wages**
**Under Fair Labor Standards Act**

35. Plaintiff realleges and incorporates by reference the all paragraphs contained within this complaint, as if fully set forth herein.

36. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

38. At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring or permitting their employees, including the Plaintiff employed by Defendant to fail to pay overtime to Hourly Employees to work in excess of forty (40) hours per week without compensating such employees for work performed at the applicable rate in violation of 29 USC §207.

39. Plaintiff makes a claim for all "Compensable Time" including all work suffered or permitted by employer, including all work allowed to occur or Defendant failed to prevent.

40. Plaintiff's additional unpaid work performed was known to employer and/or which the employer, through reasonable diligence, could have discovered and prevented, even if not authorized.

41. At all relevant times, the work performed by Plaintiff as for service to Defendant and were and continue to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employee's principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

42. As a result of the Defendant willful failure to record or compensate its employees, including Plaintiff, employed by Defendant's for all hours worked, Defendant have violated, and continue to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

43. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed at Defendant, including the Plaintiff, Defendant has failed

to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

44. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq Plaintiff seeks damages in the amount of her respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper

45. Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

46. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent is attached hereto as exhibit "A".

47. At all times relevant to this action Plaintiff was employed by Defendant within the meaning of the FLSA.

48. At all times relevant to this action, Defendant was engaged in commerce and/or the production of goods for commerce and/or Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. Due to Defendant's FLSA violations, Plaintiffs is entitled to recover from Defendants her unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant them the following relief:

a. Enter a declaratory judgment that Defendant violated the Plaintiff's rights under the FLSA, acts, as set forth in the preceding paragraphs.
b. Award Plaintiffs their unpaid minimum wages and overtime wages, plus, an equal amount in liquidated damages.
c. Award Plaintiff's pre-judgment and post-judgment interest as allowed by law;
d. Award Plaintiff the costs of the litigation;
e. Award the recovery of their reasonable attorney's fees;
f. and award and order such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### Under the Illinois Minimum Wage Law "IMWL"

50. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

51. Plaintiff was an employee of the Defendant pursuant to the Illinois Minimum Wage Law (IMWL).

52. Plaintiff was employed by Defendant an employee.

53. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct.

54. Defendant derived benefits by requiring Plaintiff's off the clock work and was aware of that work, and failed to pay Plaintiff for that work.

48. By the Defendant's policies, the Plaintiff did not receive adequate employer contributions for FICA and other employer payroll taxes.

48. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

50. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray's for the following relief:

A    Payment of unpaid wages and liquidated damages pursuant to the IMWL and Illinois Department of Labor regulations;

B.    Unpaid regular wages, and overtime wages pursuant to the IMWL and other state wage laws;

C.    Compensation originating from Defendant company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

D.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

G.    Attorneys' fees and costs of this action; and

H.    Such other relief as this Court shall deem just and proper.

## JURY DEMAND

## TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE

Respectfully Submitted,

By: _____/S/ John C. Ireland __

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL   60177   630-464-9675
FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137

Dated 5/14/15